**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TUAN AHN DU,<br><br>              Plaintiff - Appellant,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>              Defendant - Appellee. | No. 11-15231<br><br>D.C. No. 5:09-cv-03272-JW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Ware, Chief District Judge, Presiding

Argued and Submitted March 16, 2012
San Francisco, California

Before: WALLACE and BEA, Circuit Judges, and BENNETT, District Judge.[**]

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Mark W. Bennett, District Judge for the Northern District of Iowa, sitting by designation.

Du appeals from the district court's summary judgment against his claim for supplemental security income and disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Any error by the administrative law judge (ALJ) in not discussing the report by Dr. Paula Chaffee was harmless because Dr. Chaffee's report was consistent with the residual functional capacity found by the ALJ. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006).

Du's argument that the ALJ did not properly consider the combined effect of his impairments fails as to the step two analysis because that step was resolved in Du's favor. *Stout*, 454 F.3d at 1055. It also fails as to the step three analysis because Du has not shown that he presented evidence to establish equivalence to any listing. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

We affirm the ALJ's adverse credibility finding against Du because it was supported by specific, clear, and convincing reasons drawn from reports by Dr. Matthew Kanzler and Dr. Eza Kafi, treatment notes by Dr. John Phan, and the April 2007 report from the internal medicine consultative examination. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

The ALJ did not err by relying on the Medical-Vocational Guidelines because the ALJ properly rejected the evidence establishing any severe, non-

exertional limitation that might preclude reliance on the guidelines. *See Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007).

Du's argument that he should have been provided an interpreter fails because he did not show prejudice from the lack of an interpreter. *See Cheo v. I.N.S.*, 162 F.3d 1227, 1230 (9th Cir. 1998).

**AFFIRMED.**

3